THE STATE, DAVID B. BROWN, PROSECUTOR, v. THOMAS MATTHEWS.

A petition for an inn and tavern license having been presented to the common council of Bordentown, and at the same meeting a remonstrance having been presented alleging that the recommendation of the petitioner was not signed as required by law, and the remonstrants having requested the council to afford them a reasonable opportunity to prove the fact, and the council having refused and having at once granted the license—*Held,* on the authority of *Dufford* v. *Nolan,* 17 *Vroom* 87, that the action of the council was illegal and must be set aside.

---

On *certiorari.*

Argued at November Term, 1888, before Justices DEPUE and DIXON.

For the prosecutor, *George Gilbert.*

For the defendant, *G. D. W. Vroom.*

The opinion of the court was delivered by

DIXON, J.   On March 27th, 1888, Thomas Matthews presented to the common council of the city of Bordentown a petition for a license to keep an inn and tavern, accompanied by a recommendation purporting to be signed by twelve reputable freeholders.   At the same meeting of the council the prosecutor presented a remonstrance, signed by himself and nine other citizens and taxpayers of the city, objecting to the granting of such license, on the ground, *inter alia,* that the recommendation was not in fact signed by twelve reputable freeholders, and thereupon the remonstrants asked the council to adjourn the proceedings for a reasonable time in order to afford them an opportunity to offer proof of the truth of their objection.   The council refused the request and at once granted the license.

The power of the council to license inns and taverns was conferred by section 9 of the charter of Bordentown, approved February 13th, 1849 (*Pamph. L., p.* 35), and is to be exercised in the same manner and subject to the same provisions as in the courts of Common Pleas of the state.

· The case thus presented is on all fours with *Dufford* v. *Nolan,* 17 *Vroom* 87, where this court decided that if, on such a remonstrance and request, the council practically ·deny a hearing and refuse to investigate the fact alleged, they ignore their legal duty, and their resolution granting the license is invalid and must be set aside.

In accordance with that decision, the action of council granting the license in the present case must be annulled, with costs.